1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  CHADWICK RAMBO GORDON,              )   Case No. CV 12-7830-PJW
                                        )
11              Plaintiff,              )
                                        )   MEMORANDUM OPINION AND ORDER
12       v.                             )
                                        )
13  CAROLYN W. COLVIN,                  )
    Acting Commissioner of the          )
14  Social Security Administration,     )
                                        )
15              Defendant.              )
    _____)

16

17                                I.

18                          INTRODUCTION

19       Plaintiff appeals a decision by Defendant Social Security

20  Administration ("the Agency"), denying his applications for Disability

21  Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

22  He claims that the Administrative Law Judge ("ALJ") erred in when he

23  (1) found that Plaintiff was not credible, (2) rejected the opinion of

24  an examining physician, (3) failed to consider the combined effects of

25  Plaintiff's impairments, and (4) relied on the vocational expert's

26  testimony.  For the reasons discussed below, the Agency's decision is

27  affirmed.

28

II.

SUMMARY OF FACTS AND PROCEEDINGS

In 1988, at the age of four, Plaintiff suffered severe burns to his upper torso and underwent multiple skin grafts to repair the resulting damage to his skin. (Administrative Record ("AR") 309, 332-33.) In March 2009, at the age of 25, he applied for DIB and SSI, alleging that he had been unable to work since September 2007 due to third-degree burns on his body, limited use of his hands and arms, and back pain. (AR 66-72, 111.) His application was denied initially and on reconsideration and, thereafter, he requested and was granted a hearing before an ALJ. (AR 23-31, 34-38.) On July 28, 2011, he appeared at the hearing with counsel and testified. (AR 318-56.) On August 4, 2011, the ALJ denied his claim for benefits, finding that Plaintiff was not disabled. (AR 12-21.) Plaintiff appealed to the Appeals Council, which denied his request for review. (AR 2-4, 7-8.) This action followed.

III.

ANALYSIS

A.   The ALJ Properly Considered Plaintiff's Testimony

Plaintiff testified that the pain and limitations caused by his burns prevented him from working full time. (AR 111, 334.) The ALJ rejected this testimony and found that Plaintiff could perform light work that did not require bending or stooping or more than occasional handling with his left hand. (AR 17, 18.) Plaintiff contends that the ALJ erred in his credibility determination. (Joint Stip. at 3-19.) For the following reasons, the Court disagrees.

ALJs are tasked with judging the credibility of witnesses, including the claimants. In making these credibility determinations,

2

they may rely on ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, however, the ALJ can only reject the testimony for specific, clear, and convincing reasons, *id.* at 1283-84, that are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff alleged in a written disability report that he could not grip anything with his left hand and that he could not sit or stand for very long because "any length of time sitting or standing" resulted in severe back pain, owing to the lack of muscles in his back.  (AR 111.)  At the July 2011 hearing, Plaintiff testified that he had a part-time job as a janitor but that he had problems lifting, sweeping, and mopping because of back pain and reduced mobility in his arms.  (AR 333-34.)  He testified that his cousin helped at work because he could not lift anything, like chairs, trash cans, or tables.  (AR 339.)  Plaintiff also explained that he could not sit or stand for long because his skin got "tighter and tighter," as it had gotten "easier to tear" in the last four years, and he had begun to develop contractures in his left arm in 2008 or 2009.  (AR 348, 355.)

The ALJ concluded that Plaintiff's allegations were not entirely credible because the medical records did not support the degree of disability alleged by Plaintiff.  (AR 18.)  This finding is a legitimate reason for questioning Plaintiff's testimony and it is supported by substantial evidence. *See*, *e.g.*, *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (upholding ALJ's credibility

determination in part because medical evaluations revealed little evidence of disabling abnormality).

Plaintiff alleged in his 2009 application that he could not sit or stand for any length of time. (AR 111.) In April 2008, however, examining orthopedist Dr. Richard Pollis found that Plaintiff would be able to sit, stand, and walk for six hours in an eight-hour workday.[1] (AR 169.) Prison records supported this finding. None of the doctors who examined Plaintiff in prison suggested that he could not sit or stand. (AR 188-282, 224.) Rather, they recommended that he, for example, be housed on the first floor or on a lower bunk and that he not be assigned work that required bending or squatting. (AR 247.) In fact, in March 2009, one of the prison doctors found that Plaintiff's claimed disability was not supported by examination evidence. (AR 188.) These records suggest that Plaintiff's claim that he could not sit or stand were exaggerated.

The ALJ also questioned Plaintiff's testimony because he claimed that his condition had gotten worse since 2007 or 2008 (AR 19, 335, 347-48) but the medical evidence did not support that claim.[2] (AR 153-54, 161.) This is a valid reason for questioning a claimant's testimony. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (holding ALJ may rely on claimant's unexplained failure to seek treatment to find that complaints are exaggerated).

The ALJ also discounted Plaintiff's testimony because he was able to work in the past, albeit part-time, and because he continued to

---

[1] Plaintiff's challenge to the ALJ's adoption of Dr. Pollis' opinion is addressed in the following section below.

[2] In the Joint Stipulation, Plaintiff contends that his condition is "progressively deteriorating." (Joint Stip. at 9.)

1   work once a week as a janitor right up through the date of the
2   hearing. (AR 19.)  The Court finds the evidence mixed on this point.
3   On the one hand, Plaintiff testified that the janitor job involved
4   cleaning and sweeping for seven to eight hours on Saturdays, which
5   seemingly conflicted with Plaintiff's claim that he could not stand
6   for any length of time. (AR 322.)  On the other hand, Plaintiff
7   testified that his cousin helped him perform the work, leaving it
8   unclear exactly what it was that Plaintiff did himself. (AR 334.)  On
9   balance, therefore, the Court does not find this a convincing reason
10  for questioning Plaintiff's testimony.

11      The ALJ also found Plaintiff not credible because he was capable
12  of caring for his needs and performing most household chores provided
13  that he did not use his left arm or hand. (AR 18-19.)  The Court does
14  not find this explanation convincing, either.  Though the record shows
15  that Plaintiff could care for himself, this care was limited to
16  personal hygiene and, for example, cleaning his prison cell three
17  times a week. (AR 144, 145.)  His ability to perform these activities
18  does not call into question his claim that he could not work full
19  time. *See*, *e.g.*, *Hostrawser v. Astrue*, 364 F. App'x 373, 377 (9th
20  Cir. 2010) (finding ALJ's adverse credibility determination
21  unsupported where claimant "only performed the amount and extent of
22  work that he was able to within his limited capabilities and not the
23  heavy work cited to by the ALJ.")

24      The issue that remains is whether the ALJ's credibility finding
25  should be upheld, despite the errors discussed above.  *See Carmickle*
26  *v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)
27  (holding error by ALJ in credibility determination is harmless "[s]o
28  long as there remains substantial evidence supporting the ALJ's

5

conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion"). Here, the Court finds that the ALJ's first two reasons--that the medical evidence did not support Plaintiff's allegations and that Plaintiff failed to seek medical attention for his supposedly disabling pain-- are enough to support his finding that Plaintiff was not credible.

Plaintiff contends that the ALJ erred in overlooking the testimony of his "non-attorney representative," who shared a housing unit with Plaintiff in prison. (Joint Stip. at 17-18.)  In April 2009, the representative filled out a four-page form on which he stated that Plaintiff suffered a lot of pain from his burn scars, had difficulty sleeping, and appeared fatigued at times.  (AR 140, 141.) The representative also noted that Plaintiff was "willing to try to work but burns on body do not allow him to do so."  (AR 140.)

Clearly, the ALJ erred in failing to address this input but the Court finds that the error was harmless because it was inconsequential to the ALJ's ultimate decision.  Other than the representative's comment that Plaintiff was not able to work, which is a conclusion on an issue reserved to the Agency, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), the representative's other observations, even if credited, would not have caused a reasonable ALJ to conclude that Plaintiff was disabled.  *See Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012).  Thus, this claim is rejected.

B.   The ALJ's Rejection of Dr. Bader's Opinion

The ALJ rejected the opinion of one examining doctor, Dr. Semon Bader, and adopted the opinion of another examining doctor, Dr. Richard Pollis.  Plaintiff claims that the ALJ erred in doing so.  For the following reasons, the Court will not disturb the ALJ's decision.

6

ALJs are tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In order to reject the opinion of an examining doctor that is contradicted by another doctor's opinion, an ALJ must provide specific and legitimate reasons that are supported by substantial evidence in the record. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). The ALJ did so, here.

As noted above, Dr. Pollis examined Plaintiff in April 2008 and concluded that Plaintiff would be able to lift and carry 20 pounds occasionally and ten pounds frequently; sit, stand, and walk six hours in an eight-hour workday; and bend, stoop, crouch, and climb frequently. (AR 169.) Dr. Pollis also opined that Plaintiff would be limited to activities that did not require fingering or typing, only occasional handling and grasping with his left hand, and no more than frequent handling, grasping, fingering, or typing with his right hand. (AR 169.)

Two years later, in May 2010, Dr. Bader examined Plaintiff and concluded that Plaintiff would be able to lift and carry up to ten pounds occasionally and five to ten pounds frequently and walk and stand four hours in an eight-hour day. (AR 313.) Dr. Bader also opined that Plaintiff would be unable to climb, balance, kneel, crawl, bend, crouch, stoop, walk on uneven terrain, or work at heights and that he could never perform either fine or gross manipulation with his hands. (AR 314.)

The ALJ adopted Dr. Pollis' opinion and rejected Dr. Bader's opinion in concluding that Plaintiff would be able to perform light work that did not involve more than occasional handling, fingering, or grasping with his left hand, or more than occasional bending or

7

stooping.[3]  (AR 17.)  The ALJ's first reason for rejecting Dr. Bader's
opinion was because he and Dr. Pollis had made similar clinical
findings but came to significantly different conclusions.  (AR 19.)
This is not a reason for rejecting one doctor's opinion in favor of
another's.

The ALJ next found that Dr. Bader's functional assessment was
inconsistent with his own examination findings.  (AR 19.)  This is a
legitimate basis for rejecting a doctor's opinion, *Johnson v. Shalala*,
60 F.3d 1428, 1432–33 (9th Cir. 1995) (affirming rejection of treating
doctor's opinion expressed in letter that was inconsistent with
doctor's own findings) and is supported by the record.  Although Dr.
Bader found that Plaintiff walked with a slight limp, he also
determined that Plaintiff was able to toe and heel walk, did not use
an assistive device to walk, and was able to get on and off the
examining table without difficulty.  (AR 310.)  Dr. Bader also found
that Plaintiff's hips, knees, ankles, and feet were unremarkable.  (AR
312.)  Thus, Dr. Bader's finding that Plaintiff would not be able to
walk or stand for more than four hours in an eight-hour work day (AR
313), was not supported by his examination results.

The ALJ also found that Dr. Bader's assessment was inconsistent
with the other evidence of record.  (AR 19.)  This is also a
legitimate basis for rejecting the doctor's opinion, *see Magallanes v.
Bowen*, 881 F.2d 747, 751–54 (9th Cir. 1989) (upholding ALJ's rejection
of treating doctor's opinion that was contradicted by evidence in the

---

[3]   Light work is defined in the regulations as lifting no more
than 20 pounds at a time with frequent lifting or carrying of up to
ten pounds, or work requiring a "good deal" of walking or standing.
20 CFR §§ 404.1567(b), 416.967(b).

8

1   record), and is supported by the record.  As set forth in more detail

2   above, Plaintiff did not produce any medical evidence to support his

3   claim that his condition had so deteriorated between 2008 and 2011

4   that he was disabled.  For these reasons, the ALJ's rejection of Dr.

5   Bader's opinion is affirmed.[4]

6   C.   The Combined Effects of Plaintiff's Impairments

7        Plaintiff contends that the ALJ failed to account for grip

8   strength and range of motion limitations found by Dr. Pollis and Dr.

9   Bader when the ALJ concluded that he could perform light work with no

10  more than occasional handling, fingering, or grasping with his left

11  hand.  (Joint Stip. at 42-45.)  This argument is rejected.

12       The record shows that the ALJ considered Plaintiff's ability to

13  use his hands and fingers in light of Dr. Pollis' and Dr. Bader's

14  examinations and Plaintiff's work history.  In particular, the ALJ

15  found that Plaintiff's part-time work as a janitor "would clearly

16  involve some fine and gross use of his hands." (AR 19.)  This finding

17  is supported by the record.  Plaintiff testified that he was working

18  seven to eight hours on Saturdays "cleaning and sweeping."  (AR 322.)

19  These tasks require handling and grasping.  And Plaintiff's ability to

20  perform them undermines his argument that he is unable to occasionally

21  hold things at work.  (Joint Stip. at 47.)  Nor has Plaintiff set

22  forth any authority for the proposition that the ALJ was required to

23

24       [4]  The Agency argues that "reviewing physician" A. Suarez's
25  opinion also supports the ALJ's decision.  (Joint Stip. at 40 citing
    AR 316-17.)  The problem with this argument is that the record does
26  not establish that the "A. Suarez," who completed the case analysis
    form, is a physician; his or her name is given only as "A.
27  Suarez/V40," which suggests that he or she is, in fact, a case worker.
    (AR 315.)  In any event, the ALJ did not cite to or rely on Suarez's
28  opinion to support his decision.

translate the grip strength and range of motion findings of the examining doctors--which the ALJ questioned--into functional limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (rejecting argument that ALJ was required to "[p]repar[e] a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record[.]").

D.   The Vocational Expert's Testimony

Plaintiff argues that the ALJ did not include all of Plaintiff's limitations in the hypothetical question to the vocational expert. (Joint Stip. at 48-50.)  This argument is without merit.

The ALJ was required to include in his hypothetical question only those limitations that he found credible and supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217.  The ALJ properly rejected the limitations Plaintiff champions here and, therefore, he was not required to include them in the hypothetical question to the vocational expert.

IV.

CONCLUSION

For these reasons, the ALJ's decision that Plaintiff is not disabled is affirmed and the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: 9/26/14

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GORDON, 7830\Memo Opinion and Order.wpd